IN THE UNITED STATES DISTRICT COURT

FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | | |
|---|---|---|
| CRAIG M., individually and on Behalf of S.M., a minor, | ) | |
| Plaintiff, | ) | |
| v. | ) | 1:25CV588 |
| BLUE CROSS AND BLUE SHIELD OF NORTH CAROLINA, | ) | |
| Defendant. | ) | |

**MEMORANDUM OPINION AND ORDER**
**OF UNITED STATES MAGISTRATE JUDGE**

Craig M. has sued Blue Cross and Blue Shield of North Carolina (BCBS) for denying coverage for treatment that his minor child received. *See generally* Compl., Docket Entry 1 (alleging claims under the Employee Retirement Income Security Act (ERISA), 29 U.S.C. § 1132(a)(1)(B), and the Mental Health Parity and Addiction Equity Act of 2008 (Parity Act), 29 U.S.C. § 1132(a)(3)). Throughout discovery, the parties have worked together to address alleged deficiencies and delays in discovery and third-party subpoena responses, and, as a result of their diligence, the Court granted extensions on two discrete discovery issues. *See* Text Orders (May 12, 2026; June 11, 2026).

But now they have reached an impasse, and BCBS has moved to compel Craig M. to provide complete answers to interrogatories and produce requested documents. *See* BCBS's Mot. to Compel Discovery ("Mot. to Compel"), Docket Entry 46. Specifically, BCBS asks the Court to compel Craig M. to respond more fulsomely to interrogatories 1, 2, 4, 5, 6, 11, and 12 and requests for production 1, 2, and 5. *See id.*; *see also generally* Br. in Supp. of Def. Blue Cross Blue Shield of North Carolina's Mot. to Compel Discovery ("Br. in Supp."), Docket Entry 51-1.

BCBS also seeks sanctions related to the alleged deficient responses and production. *See* Mot. to Compel; Br. in Supp. at 2.

In addition, at Craig M.'s request, BCBS moved to seal portions of its brief and more than ten attachments to its motion to compel. *See* BCBS's Mot. to Seal, Docket Entry 49. Craig M. then filed a brief in support of the

motion to seal. *See* Resp. to Mot. to Seal, Docket Entry 54.

For the reasons that follow, BCBS's motion to compel is granted in part and denied in part. Its motion for sanctions is granted in part and denied in part. And the motion to seal is denied.

## I. STANDARD OF REVIEW

Parties may obtain discovery in a civil action "regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1). To assess proportionality, courts "consider[] the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." *Id.*

Rule 26 also requires a discovery plan that states the parties' positions on, among other topics, "the subjects on which discovery may be needed . . . ." *See* Fed. R. Civ. P. 26(f)(3)(B). Here, the parties submitted a Joint Rule 26(f) Report in which they "agree[d] that discovery [on the ERISA claim] is limited to the full and complete pre-litigation appeal record." *See* Jt. R. 26(f) Report ¶ 3(a)(i), Docket Entry 36. They also agreed that either party could bring a motion by February 19, 2026 "[i]f any party believes that additional discovery is needed to address the amount at issue in the case or whether Plaintiff exhausted his administrative remedies . . . and the parties are unable to resolve disagreements after good-faith conferrals . . . ." *See id.* The Court adopted the parties' proposed schedule and noted that the parties could raise disputes over the scope of discovery by a motion to compel or for a protective order. *See* Order, Docket Entry 39.

"District courts generally have broad discretion in managing discovery, including whether to grant or deny a motion to compel." *Eramo v. Rolling Stone LLC*, 314 F.R.D. 205, 209 (W.D. Va. 2016) (citing *Lone Star Steakhouse & Saloon, Inc. v. Alpha of Virginia, Inc.*, 43 F.3d 922, 929 (4th Cir. 1995)). Generally, the party "resisting discovery, not the party moving to compel discovery, bears the burden of persuasion." *Kinetic Concepts, Inc. v. ConvaTec Inc.*, 268 F.R.D. 226, 243 (M.D.N.C. 2010) (collecting cases); *accord Carlton & Harris Chiropractic Inc. v. PDR Network, LLC*, No. 3:15-CV-14887, 2024 WL 1451124, at *2 (S.D.W. Va. Apr. 3, 2024).

Rule 37 of the Federal Rules of Civil Procedure provides a court with numerous options to address a party's failure to obey a court's discovery order and to participate in discovery.

For example, if a court grants a motion to compel, it is *required* to sanction the party or attorney or both with "the movant's reasonable expenses incurred in making the motion, including attorney's fees," subject to certain exceptions. *See* Fed.

R. Civ. P. 37(a)(5)(A). Those exceptions include if the movant's failure to resolve the dispute in good faith before involving the court, the non-moving party's failure to respond to discovery was "substantially justified," or sanctions would be unjust due to "other circumstances." *Id.* If the court grants in part and denies in part a motion to compel, the court *may* "apportion the reasonable expenses for the motion." *See* Fed. R. Civ. P. 37(a)(5)(C).

If a party fails to answer interrogatories, the court *must* award reasonable expenses "caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust," and the court may sanction that party as Rule 37(b)(2)(A) provides. *See* Fed. R. Civ. P. 37(d).

Courts have "'wide discretion' in imposing these sanctions." *Glaston Corp. v. Salem Fabrication Techs. Grp., Inc.*, No. 1:21cv942, 2024 WL 3161621, at *5 (M.D.N.C. June 25, 2024) (quoting *Mutual Fed. Sav. & Loan Ass'n v. Richards & Assocs., Inc.*, 872 F.2d 88, 92 (4th Cir. 1989)). *But see id.* (noting, though, that the discretion narrows when more severe sanctions are proposed).

## II. DISCUSSION

### A. The motion to compel supplemental responses to interrogatories 1, 2, and 13, requests for production 1 and 2, and requests for admission 1, 2, and 3 (or deem them admitted) is denied as untimely.

Much of the dispute between the parties centers on the scope of permissible discovery for the ERISA claim.[1] BCBS argues that it is entitled to discovery on the issues of Craig M.'s damages and exhaustion of administrative remedies. *See, e.g.*, Br. in Supp. at 14.

But, as an initial matter, Craig M. challenges the timeliness of BCBS's motion to compel. *See* Br. in Opp'n to Def. Blue Cross Blue Shield of North Carolina's Mot. to Compel Discovery ("Br. in Opp'n") at 1-2, Docket Entry 56. BCBS responds that the Court's scheduling order set no deadline for motions to compel. *See* Reply Br. at 2, Docket Entry 59 (stating that Craig M. "confuses the parties' proposed

[1] In its supporting brief, BCBS details Craig M.'s dilatory discovery responses. *See* Br. in Supp. at 4-9 (citing Pakalka Decl. and supporting exhibits). BCBS granted Craig M. extensions of time – even after deadlines had passed – and otherwise extended professional courtesies to Craig M. throughout discovery. *See id.* No matter Craig M.'s excuses for untimely responses, *see* Br. in Opp'n at 8-10, neither the spirit of discovery nor the Court countenances such repeated neglect of the Federal Rules of Civil Procedure and Local Rules as Craig M. displayed. But most of that conduct is simply not before the Court on the motion to compel.

schedule for the Court's scheduling order"). BCBS is mistaken, at least as to motions to compel related to the ERISA claim and the need for additional discovery on the amount at issue and exhaustion of administrative remedies.

Local Rule of Civil Procedure 16.1(d) provides that "[i]f the parties reach agreement on a discovery plan and submit a joint Rule 26(f) Report, the Court will enter an order on the basis of the proposed plan as submitted[.]" But the Court may modify the proposal "if it finds in its discretion that the plan provides for an excessive amount of discovery or the parties' selection of a case management track under LR 26.1 is unreasonable."

In the parties' Joint Rule 26(f) Report, dated November 17, 2025, they "agreed that [for the ERISA claim] discovery is limited to the full and complete pre-litigation appeal record." They then set February 2026 deadlines by which to resolve certain discovery disputes between themselves or else seek court assistance. Relevant here, the parties agreed that if they "are unable to resolve any disagreements after good-faith conferrals" about the need for additional discovery "to address the amount at issue in the case or whether Plaintiff exhausted his administrative remedies . . . , a party may bring a motion to have the Court resolve such issues by **February 19, 2026**." *See* Docket Entry 36 (emphasis in original). As is clear, the parties intended to agree early in litigation on the parameters of discovery related to the ERISA claim.

The Court "approve[d]" the Joint Rule 26(f) Report "as submitted and as noted" in the Order. *See* Order at 1. After declining the request to stay discovery on the MHPAEA claim pending decision on the motion to dismiss, the Court "adopt[ed] *the schedule agreed upon* by the Parties," including the discovery deadlines, and noted that "disputes regarding the scope of discovery . . . can be raised by Motions to Compel or Motions for Protective Order, with full briefing and a hearing if necessary." *See id.* (emphasis added). "[T]he schedule agreed upon by the Parties" set, among other deadlines, February 19, 2026 as the deadline for motions to compel discovery on the amount at issue and exhaustion of administrative remedies.

The February 19, 2026 deadline came and went without any word from the parties of a dispute about the scope of discovery for the ERISA claim. *See generally* Docket. The day after the deadline, on February 20, BCBS served its first round of discovery on Craig M. *See* Whitney R. Pakalka Decl. ¶ 4 (June 29, 2026), Docket Entry 48. Craig M. responded on March 27, 2026, raising no objections and directing BCBS to responsive portions of the administrative record. *See* Docket 51-5. Approximately two weeks later, Craig M. served his only discovery requests on BCBS, and they were expressly limited to the MHPAEA claim. *See* Pakalka Decl. ¶ 8. Craig M.'s actions illustrate his

belief that discovery for the ERISA claim focused solely on the administrative record.

After reviewing Craig M.'s discovery responses, BCBS notified him of deficiencies and explained that the requested discovery related to BCBS's exhaustion defense and Craig M.'s damages. *See id.* ¶¶ 10-11. Craig M. agreed that his out-of-pocket expenses were discoverable, provided some of that information, and agreed to look for additional responsive information. *See* Docket Entry 51-10 at 7-8. Thereafter, the parties exchanged emails and telephone calls about Craig M.'s discovery responses which BCBS continued to view as insufficient and incomplete, *see* Pakalka Decl. ¶¶ 12, 14-19, 22-29, until BCBS filed the instant motion on June 29, 2026.

But BCBS's motion to compel discovery on exhaustion of administrative remedies is four months too late.[2] For whatever reason, despite the parties' apparent intention to resolve disputes about the need for discovery on exhaustion of remedies early in litigation, they did not. Consequently, when BCBS served its first round of discovery on February 20, it sought discovery related to, among other topics, exhaustion of remedies. In response, Craig M. directed BCBS to the administrative record, believing discovery on the ERISA claim was so limited. And thus arose the dispute.

[2] Section II.B. addresses the portion of the motion related to damages discovery for the ERISA claim.

The parties' good faith efforts to address their disagreement is commendable. But the time for BCBS to seek redress from the court passed months earlier.

Accordingly, the portion of the motion to compel discovery on exhaustion of administrative remedies is denied. Craig M. is not required to supplement his responses to interrogatories 1, 2, and 13 or requests for production of documents 1 and 2. In addition, because requests for admission 1, 2, and 3 relate to exhaustion of administrative remedies, the Court declines to deem them admitted. In response to the motion to compel, though, Craig M. "agree[d] to formally supplement [his] response to Requests for Admission 1 and 3." *See* Br. in Opp'n at 15.

B. The motion to compel supplemental responses to interrogatories 4, 5, and 6 and request for production 5 is granted.

At first glance, the portion of the motion to compel discovery on Craig M.'s damages also looks untimely, as the same February 19 deadline applied to disputes about the need for additional discovery on the amount at issue for the ERISA claim. But, unlike their dispute over administrative exhaustion, the disagreement between the parties is not about the need for discovery on the amount at

issue; Craig M. acknowledged to BCBS that the information is discoverable, provided some responsive discovery to BCBS, and promised to look for more. The issue is the sufficiency of Craig M.'s discovery responses. Accordingly, this portion of BCBS's motion is treated as a motion to compel more fulsome answers.

When Craig M. supplemented his responses to these interrogatories and requests for production of documents, he objected for the first time that they sought "extra-record discovery" and "documentation that is not relevant to [the] MHPAEA claim." *See* Docket Entry 51-5. No matter if Craig M. has waived those objections by failing to object in the first instance, *see, e.g.*, Fed. R. Civ. P. 33(b)(4), they have no merit.

Interrogatories 4, 5, and 6 seek information about Craig M.'s payments to the service provider, including the service provider's bills (interrogatory 4) and Craig M.'s payments to the service provider (interrogatories 5 and 6). *See* Docket Entry 51-5. According to BCBS, Craig M.'s responses show that the provider billed him $171,513 but he paid $273,189.33 or possibly $151,088.35. *See* Br. in Supp. at 19 (citing to exhibits to Pakalka's declaration). BCBS argues that Craig M. must "provide complete responses to the Interrogatories posed or explain how each of [his] responses [to these interrogatories] can be true." *Id.* Despite agreeing that his damages are discoverable, Craig M. now argues that BCBS's "disagree[ment] with [his] calculation of his out-of-pocket costs" "has no place in a Motion to Compel Discovery." *See* Br. in Opp'n at 14. But BCBS is not simply disagreeing with his calculations. BCBS cannot *understand* his calculations because the figures he has provided are irreconcilable, at least with the information he has given BCBS. *See* Reply B. at 10-11.

Thus, despite Craig M.'s supplemental responses, it remains unclear how each of these figures can be correct, and there is insufficient information to explain the discrepancies. *See* Doc. 51-5 at 7-9.

Related to interrogatories 4, 5, and 6, request for production 5 seeks "[d]ocuments sufficient to show each payment [Craig M.] made for services," including the dates of payment and related dates of service, the person to whom Craig M. made payment, and the method of payment. *See* Docket Entry 51-5 at 10. Initially, Craig M. directed BCBS to portions of the administrative record but then supplemented with the provider's "Super Bill, as referenced in his supplement response to" interrogatory 4. *See id.* at 10-11. But, as noted above, the figures Craig M. provided are irreconcilable without further clarification and explanation. And, according to BCBS, Craig M. "has not produced a single document to substantiate his response to Interrogatory 6, stating he 'paid $273,189.35 for [his minor child's] treatment . . . .'" *See* Br. in Supp. at 22.

Therefore, Craig M. is ordered to respond further to interrogatories 4, 5, and 6 and request for production 5 in a form that clearly presents the precise information that BCBS requests. In so doing, if there are inconsistencies among the figures as there appear to be currently, Craig M. must explain them. *See* Fed. R. Civ. P. 37(a)(4) ("[A]n evasive or incomplete disclosure, answer, or response must be treated as a failure to disclose, answer or respond.").

C. The motion to compel supplemental responses to interrogatories 11 and 12 is granted.

Interrogatories 11 and 12 seek information in support of Craig M.'s MHPAEA claim, specifically the facts supporting the claim that a written term of the Plan violated MHPAEA (interrogatory 11) and the facts supporting the claim that BCBS violated MHPAEA when it denied Craig M.'s claims (interrogatory 12).

In response, Craig M. directed BCBS to his complaint and appeal letters. *See* Doc. 51-8 at 8. He argues that he "is under no duty to restate the facts that are laid out and summarized in the complaint and administrative record." *See* Br. in Opp'n at 15 (citing Fed. R. Civ. P. 33(d)). He is mistaken.

Recently, the United States District Court for the District of Maryland addressed the propriety of referencing documents, pursuant to Rule 33(d) of the Federal Rules of Civil Procedure, in response to a contention interrogatory and recognized that "mere reference to documents may offer little, if any assistance in understanding factual contentions, forcing the requesting party to engage in telepathy to understand their opponent's position." *See* *ScriptSourcing, LLC v. Continental Casualty Co.*, No. 26-cv-00559-JRR, 2026 WL 2617837, at *7 (D. Md. Sept. 4, 2026). But, if a party provides a narrative response in addition to referring to documents, the response may sufficiently answer the interrogatory. *See id.* at *7. Here, though, not only is the complaint not a business record to which Rule 33(d) applies, but the complaint is simply not responsive to interrogatory 11. *See id.* at *8 ("[R]eferences to pleadings in this case . . . cannot form or inform a proper and sufficient response under Rule 33."). Furthermore, Craig M. provided no narrative in response to either of these interrogatories. Accordingly, Craig M. is ordered to provide a complete narrative response to interrogatories 11 and 12.

D. The parties must confer on apportionment of reasonable expenses for the motion.

When a court grants in part and denies in part a motion to compel, it *may* "apportion the reasonable expenses for the motion," *see* Fed. R. Civ. P. 37(a)(5)(C), keeping in mind the circumstances according to which the award of expenses would nevertheless be inappropriate, *see* Fed. R. Civ. P. 37(a)(5)(A). *See, e.g.*, *Bryson v. CompuCom Sys., Inc.*, No. 1:19CV1121, 2021 WL 7184369

(M.D.N.C. Feb. 10, 2021); *Hartzman v. Wells Fargo Advisors, LLC*, No. 1:14CV808, 2017 WL 11684748 (M.D.N.C. May 4, 2017); *Stephenson v. Pfizer, Inc.*, No. 1:13CV147 (M.D.N.C. July 9, 2014); *Moore v. DAN Holdings, Inc.*, No. 1:12CV503, 2013 WL 1833557 (M.D.N.C. Apr. 30, 2013); *Morris v. Lowe's Home Ctrs., Inc.*, No. 1:10CV388, 2012 WL 5347826 (M.D.N.C. Oct. 26, 2012).

Considering that BCBS's motion to compel is granted in part and denied in part, the parties must confer with each other to determine if the Court should apportion reasonable expenses for the motion and, if so, what apportionment the Court should make. Although Craig M. and BCBS ultimately disagreed on aspects of discovery, they have displayed an ability and willingness to confer in good faith, and the Court expects them to do so the same here.

Within thirty days of this Order, the parties must file a Joint Notice stating their position(s) on apportionment.

E. The motion to seal is denied.

Craig M. asks that Exhibits 2, 5, 6, 8, 10, and 14– and presumably the portions of BCBS's brief that refer to information in those documents,– be sealed, all in Docket Entry 51. *See* Resp. to Mot. to Seal, Docket Entry 54. But he cites no law on the public's right of access to the courts, the sealing standards, or the propriety of sealing the requested information. And he has failed to comply with the Court's Local Rules.

Instead, Craig M. simply states that sealing is "necessary to ensure that Plaintiff and his family's privacy continue to be protected as contemplated by the Parties and the Court." *See id.* at 2. He relies on the parties' Stipulated Protective Order and agreement therein to file confidential documents under seal, "both of which the Court has adopted," he argues. *See id.* at 1-2. The Order explains that the parties consent to entry of the order "to govern the exchange of information to assemble the administrative record and, if discovery is permitted, to govern discovery in this matter," in other words to facilitate discovery. *See* Stip. Protective Order at 2, Docket Entry 41.

But "[c]ourts in the Fourth Circuit have repeatedly found that the mere fact that a document is subject to a protective order does not relieve a party from otherwise establishing the need to seal under the constricts of the law." *Shoals Techs. Grp., LLC v. Voltage, LLC*, No. 1:25CV26, 2026 WL 1430523, at *4 (M.D.N.C. May 21, 2026).

The rules of this Court require that a party seeking to seal must make "a sufficient showing . . . as to why sealing is necessary and why less drastic alternatives will not afford adequate protection, with evidentiary support, including affidavits or declarations, and with citation to any supporting statutes, case law, or other authority." *See* L.R. 5.4(c)(3). "Failure to file LR 5.4(c)(3) supporting materials will result in

denial of the motion to seal and unsealing of the materials without further notice." *Id.* "Compliance with the local rules is mandatory; they are not a mere suggestion." *Whatley v. Eason*, No. 1:25-CV-379, 2026 WL 2030040, at *2 (M.D.N.C. July 14, 2026) (Eagles, Chief J.).

The Standard Preliminary Order for All Civil Matters again reminds parties that "[t]he Court discourages motions to seal" and the party seeking to seal must comply with Local Rule 5.4 and "establish, both as to the facts and the law, why public access should be denied" without simply relying on "[s]tatements in briefs" which "do not constitute evidence and are ordinarily insufficient to meet this burden." *See* Order ¶ 7, Docket Entry 43.

The Court's rules "are intended to minimize the filing of sealed documents[ and] protect the public right of access . . . ." *See* L. Civ. R. 5.4(a)(5). This is because courts have long recognized "that the public . . . [has a] qualified right of access to judicial documents and records filed in civil . . . proceedings." *Doe v Public Citizen*, 749 F.3d 246, 265 (4th Cir. 2014).

This right arises from both the common law and the First Amendment, with the latter providing more "substantive protection to the interests of the" public. *See id.* at 265-66. While "[t]he common-law presumptive right of access extends to all judicial documents and records," "the First Amendment secures a right of access 'only to particular judicial records and documents.'" *Id.* at 265-66 (quoting *Stone v. Univ. of Md. Med. Sys. Corp.*, 855 F.2d 178, 180 (4th Cir. 1988)).

No matter the source of the right, though, it "'may be abrogated only in unusual circumstances.'" *Id.* at 266 (quoting *Stone*, 855 F.2d at 182). This is so because "public access promotes not only the public's interest in monitoring the functioning of the courts but also the integrity of the judiciary," by "promot[ing] trustworthiness of the judicial process . . . and provid[ing] the public with a more complete understanding of the judicial system, including a better perception of fairness." *Id.*

Therefore, the party seeking to seal documents or portions of documents must show either that "countervailing interests heavily outweigh the public['s] [common law] interests in access" or that "a compelling government interest" requires limiting the public's First Amendment right of access, depending on which standard applies. *See id.* (citations omitted).

Before ruling on a motion to seal, the court must "provide public notice of the sealing request and a reasonable opportunity for the pubic to voice objections to the motion." *See id.* at 272 (citing *In re Knight Pub. Co.*, 743 F.2d 231, 234-45 (4th Cir. 1984)). The court must also "consider less drastic alternatives to [sealing]" and make "specific findings" if it determines that the less drastic alternatives are insufficient and sealing is required. *See id.*

Here, the motion to seal has been pending since June 28, 2026, and the only objection to the motion is BCBS's, *see* Docket Entry 58, which the Court has considered and finds persuasive.

Not only has Craig M. failed to comply with the Local Rules and the Standing Order on sealing, but his categorical descriptions of information he contends should be sealed are often vague and inaccurate. For example, the exhibits do not reveal his family's "financial information" or "detailed discussions of [his child's] medical history." And any assertion of the need to seal third parties' commercial information is not only vague and inaccurate, but it is misplaced, as no third party has filed any support for the motion to seal.

Nevertheless, pursuant to an earlier order in this case from the District Court for the District of Utah, Craig M. and his minor child are proceeding under pseudonyms. *See* Docket Entry 5. In addition, Federal Rule of Civil Procedure 5.2 requires a party to redact certain personal identifying information. This includes the directive that a filing only includes a minor child's initials. *See* Fed. R. Civ. P. 5.2(a)(3).

Accordingly, the motion to seal is denied. BCBS is directed to file all attachments in Docket Entry 51 as publicly available attachments after redacting all references to the full names of Craig M.'s family members to reveal only their initials.

## III. CONCLUSION

**IT IS HEREBY ORDERED** that Blue Cross Blue Shield of North Carolina's Motion to Compel [46] is **GRANTED IN PART AND DENIED IN PART** as explained herein;

**IT IS FURTHER ORDERED** that the parties confer in good faith on whether the Court should apportion reasonable expenses for the motion to compel and, if so, what apportionment the Court should make; and file a Joint Notice stating their position(s) on apportionment within thirty days of entry of this Order;

**IT IS FURTHER ORDERED** that the Consent Motions for Extensions of Time, [53] and [57], are **GRANTED**; and

**IT IS FURTHER ORDERED** that the Motion to Seal [49] is **DENIED** and BCBS must file all sealed documents under [51] as publicly available documents with the full names of Craig M.'s family members redacted to reveal only their initials.

JoAnna Gibson McFadden
United States Magistrate Judge

October 1, 2026
Durham, North Carolina